FIRST NATIONAL BANK OF BOOTHBAY HARBOR

*vs.*

FRED C. BLAKE, THOMAS J. BLOSSOM and EUGENE MURRAY.

Lincoln.    Opinion April 20, 1915.

*Consideration.   Extension of Time of Payment.   Indorser.   Original Promisor. Promissory Note.   Release.   Surety.*

1. It is the well settled principle of law in this State that a person, not a party to the note, who signs his name upon the back of it in blank at its inception, and before it is negotiated, is an original promisor as to a bona fide holder of the note before maturity.

2. In this case both Thomas J. Blossom and Eugene Murray put their names on the back of this note at its inception, before it was delivered to the payee, and accordingly, the plaintiff bank, if it had no knowledge to the contrary, had a right to rely upon the note itself and the presumption of law arising therefrom that Blossom and Murray, whose names appeared upon the back of it, were original promisors.

3. If Murray notified the bank, before it accepted the note, that he revoked his indorsement, then he was not liable in this action.

4. In order to relieve a surety from liability on a note on account of an extension of time of payment to the maker, it must be shown that the contract relied upon was a valid, enforceable one against the bank, founded on a sufficient consideration, the effect of which would be to give further and definite time to the maker of the note, without the consent of the surety.

On motion by plaintiff for new trial as to Thomas J. Blossom and Eugene Murray.  Motion as to Blossom sustained and new trial granted, as to him only.  Motion as to Eugene Murray overruled.

This is an action of assumpsit by the First National Bank of Boothbay Harbor against Fred C. Blake, Thomas J. Blossom and Eugene Murray, to recover amount due on a promissory note dated March 8, 1911, signed by defendant and payable in four months. Each defendant pleaded the general issue and Blossom and Murray

filed brief statements. The jury returned a verdict for the plaintiff against Fred C. Blake and in favor of Thomas J. Blossom and Eugene Murray. The plaintiff filed motion for new trial against Blossom and Murray.

The case is stated in the opinion.

*C. R. Tupper*, for plaintiff.

*J. B. Perkins*, for defendants.

SITTING: SPEAR, CORNISH, KING, BIRD, HANSON, JJ.

KING, J. Action upon a promissory note, dated March 8, 1911, on four months, payable to the plaintiff's order, signed by Fred C. Blake as maker and endorsed by Thomas J. Blossom and Eugene Murray. The writ was dated December 18th, 1913. The jury returned a verdict for the plaintiff against Blake for the amount due on the note and a verdict in favor of the other defendants. The case is before us on plaintiff's motion to set aside the verdict in favor of Blossom and Murray.

It is the well settled principle of law in this State that a person, not a party to the note, who signs his name upon the back of it in blank at its inception, and before it is negotiated, is an original promisor as to a bona fide holder of the note before maturity. *Bradford* v. *Prescott*, 85 Maine, 482; *Banking Co.* v. *Jones*, 95 Maine, 335.

Both endorsers put their names on the back of this note at its inception, before it was delivered to the payee, and accordingly the plaintiff bank, if it had no knowledge to the contrary, had a right to rely upon the note itself and the presumption of law arising therefrom that Blossom and Murray, whose names appeared upon the back of it, were original promisors.

But Mr. Murray testified that, having learned things that changed his mind, he went to the bank, before it had accepted the note, and told the acting cashier, Mr. Simpson, that he did not want to be endorser on that note, or on any other note for Mr. Blake, and that Mr. Simpson promised him that the note would not be discounted. Mr. Simpson, on the other hand, denied that he had any such conversation with Mr. Murray, and testified that the note was discounted by the bank in good faith, without any knowledge that Mr. Murray refused to be bound by his endorsement. If Mr. Murray

notified the bank, before it accepted the note, that he revoked his endorsement, then he was not liable in this action. That was an issue of fact for the jury to determine from the conflicting testimony and such other facts and circumstances as the evidence disclosed. They saw and heard the witnesses whose testimony was in conflict, and decided that contested issue in Mr. Murray's favor. The court does not find from an examination of the evidence that their decision on that issue was so manifestly erroneous that it ought to be set aside.

There is no evidence in the case that Mr. Blossom revoked his endorsement or notified the bank directly or indirectly, before it accepted the note, that he was unwilling to be bound thereby. Mr. Murray's revocation of his own endorsement did not affect Mr. Blossom's liability as endorser. The bank had the right to rely upon that, in the absence of any knowledge to the contrary. It was a bona fide holder of the note as to him, and his liability to the bank was that of an original promisor of the note.

But he contends that he was released from his liability to the plaintiff on account of an extension of time of payment given to the maker of the note. We find no sufficient evidence to support that contention. Assuming, although it does not affirmatively so appear, that Mr. Blossom's liability to the maker of the note was that of a surety, and that the bank had knowledge of that fact at the time of the alleged extension, the evidence falls far short of showing any such a contract on the part of the bank with the maker of the note for an extension of time for its payment as the law requires to absolve a surety from liability. It must be shown that the contract relied upon was a valid, enforceable one against the bank, founded on a sufficient consideration, and the effect of which would be to give further and definite time to the maker of the note, without the consent of the surety. *Berry* v. *Pullen*, 69 Maine, 101, and cases cited.

The evidence shows clearly that no payment whatever, either of principal or interest, was ever paid on the note by the maker or by anyone else. From its maturity, July 8, 1911, the note remained in the bank overdue and wholly unpaid, notwithstanding the fruitless efforts of the bank to have it paid or renewed. May 13, 1912, the cashier of the bank wrote Mr. Murray sending him a new note signed by Blake for $375, dated May 8, 1912, on four months, "to renew one due of his which you are an endorser on, of which he pays a little

and the interest." In explanation the cashier testified, that if the new note had been completed the maker was to pay $3 as the difference between the new note and the old one, together with the back interest, and the discount on the new note. But the new note was not completed, Murray refused to sign it, and nothing was paid on the old one, either of interest or principal. It continued overdue and this action was brought upon it.

The act of the cashier in trying to get that overdue note fixed up, in the manner indicated in that letter, is not sufficient evidence of such a contract on the part of the bank to extend the time of payment of the note as would absolve the endorser, Blossom, from his liability to the bank. It was a justifiable, though fruitless, effort to get the old note paid by some cash from the maker and a new note of the same parties.

We fail to find any sufficient evidence in the case to support the verdict in Mr. Blossom's favor. It is manifestly wrong and should not be permitted to stand. The conclusion of the court therefore is, that the verdict in favor of Eugene Murray is not to be disturbed, but the verdict in favor of Thomas J. Blossom is to be set aside and a new trial granted the plaintiff as to him only.

*So ordered.*